NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-206

STATE OF LOUISIANA

VERSUS

LORENZO DANELA WATSON

A/K/A LORENOZA DANELA WATSON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2058-18
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of D. Kent Savoie, Candyce G. Perret, and Charles G. Fitzgerald, Judges.

CONVICTION VACATED; REMANDED.

Stephen C. Dwight
District Attorney
Dale R. Lee
John E. Turner
Assistant District Attorneys
Fourteenth Judicial District
Post Office Box 3206
Lake Charles, Louisiana 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Chad M. Ikerd
Ikerd Law Firm, LLC
Louisiana Appellate Project
Post Office Box 2125
Lafayette, Louisiana 70502
(337) 366-8994
COUNSEL FOR DEFENDANT/APPELLANT:
    Lorenzo Danela Watson

**SAVOIE, Judge.**

Defendant, Lorenzo Danela Watson, was charged by bill of indictment on January 18, 2018, with aggravated rape, in violation of La.R.S. 14:42.[1] After pleading not guilty to the charge, trial by jury began on September 9, 2019. The jury returned a verdict of guilty on the count of aggravated rape in an 11-1 decision. Defendant was sentenced to life without the benefit of probation, parole, or suspension of sentence with credit for time served.

Defendant filed a Motion for Appeal on October 17, 2019, and it was subsequently granted. Defendant is now before this court asserting one assignment of error. For the following reasons, we vacate Defendant's conviction for aggravated rape because the jury verdict was non-unanimous.

## FACTS

On January 10, 1997, J.A.[2] was raped at knife point by an unknown suspect. The case was not solved and was thereafter closed. On May 2, 2017, the case was reopened, and the sexual assault kit was sent to the crime lab for DNA testing. The results of the DNA testing implicated Defendant.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find several errors patent: (1) the jury returned a non-unanimous jury verdict; (2) the trial court failed to impose the sentence at hard labor, rendering the sentence illegally lenient; and (3) the trial court failed to advise Defendant of the time period for filing post-

---

[1] The bill of indictment and case caption incorrectly spell Defendant's first name "Lorenzo," but Defendant's first name is "Lorenoza." We will use Defendant's name as it appears on the bill of indictment.

[2] Victim's initials will be used pursuant to La.R.S. 46:1844(W)(1)(a).

conviction relief as required by La.Code Crim.P. art. 930.8. Since appellate counsel assigned the jury's return of a non-unanimous jury verdict as error, we have discussed that error as an assigned error. As stated below, the non-unanimous jury verdict requires Defendant's conviction be vacated, and the case remanded for a new trial. Consequently, the remaining two errors patent are rendered moot.

## ASSIGNMENT OF ERROR

Defendant's conviction for aggravated rape was returned by a non-unanimous jury. Accordingly, he contends his conviction should be vacated as required by *Ramos v. Louisiana*, 590 U.S. __, 140 S.Ct. 1390 (2020). The State agrees with Defendant's argument.

Although the concurring justices in *Ramos* did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted by the Sixth Amendment to the Constitution. The prohibition applies to the states through the Fourteenth Amendment. *Id.* at p. 1397; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ. The decision applies to cases pending on direct review.

Defendant's case was still in the process of direct review at the time of the *Ramos* decision. Thus, *Ramos* applies and requires Defendant's conviction for aggravated rape by a non-unanimous jury be vacated.

## DECREE

Defendant's conviction and sentence for aggravated rape is vacated, and the case is remanded for a new trial pursuant to *Ramos*.

## CONVICTION VACATED; REMANDED.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

2